ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAY 13 2003

LUT... 
By: 
Deputy Clerk

| | | |
|---|---|---|
| DONALD J. CLIFFORD, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION |
| | § | FILE NO.: |
| CINGULAR WILRELESS, LLC, f/k/a | § | |
| BELL SOUTH MOBILITY, | § | 1 03 CV 1286 |
| Defendant. | § | |

-MHS

## COMPLAINT

**COMES NOW,** DONALD J. CLIFFORD (hereinafter "Clifford"), plaintiff in the above-styled lawsuit, and respectfully makes this his Complaint against defendant Cingular Wireless, LLC f/k/a/ Bell South Mobility (hereinafter "Cingular") and shows the court the following:

### JURISDICTION

1. Plaintiff invokes the jurisdiction of this court pursuant to 15 U.S.C. §1681(p). Venue in this District is proper in that defendant conducts business here and the conduct complained of occurred here. Plaintiff also invokes the supplemental jurisdiction of this court pursuant to 28 U.S.C. 1367, et seq.

1

## PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

3. Plaintiff is a natural person and is a resident and citizen of the Fulton County, the State of Georgia, and of the United States. Plaintiff is a "consumer" as defined by sections 1681a(c) of the FCRA.

4. Cingular, is a limited liability company organized under the laws of the State of Delaware, and is authorized by the Georgia Secretary of State to transact business within the State of Georgia. Cingular is in the business of wireless telecommunications.

5. Cingular is a furnisher of information as contemplated by FCRA section 1681s-2(a) and (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

## FACTUAL ALLEGATIONS

6. Plaintiff activated wireless service from Cingular and/or its predecessor in May, 1998, but because of poor service and coverage, plaintiff canceled his account, and Cingular waived all termination charges.

7. In or about February 10, 1999 plaintiff was contacted by Cingular

2

concerning the alleged debt. Despite having received Cingular's promise to waive all termination charges, plaintiff paid the disputed debt.

8. In or about June, 2001, Cingular reported its alleged debt to the Equifax and Experian for inclusion in plaintiff's credit histories, as PAID CHARGE OFF, and/or PAID CHARGE OFF UTILITY.

9. From on or about September 5, 2002 through and including the January 14, 2003, plaintiff tried to explain to both Cingular and its collection agency that this alleged debt was paid in full on or about February 10, 1999, but because Cingular claimed that they had not received the February 10, 1999 payment, plaintiff had to pay this alleged debt a second time on or about March 7, 1999, to no avail. *See* Exhibit "1".

10. Approximately three (3) years later, Cingular located the misapplied payment and returned it to plaintiff by Cingular's check, without interest, apology or explanation.

11. On or about January 14, 2003, plaintiff sent a letter to Cingular requesting that they reinvestigate and remove Cingular's disputed and inaccurate information from his credit histories.

12. Cingular re-verified the false reporting to Experian and Equifax. Experian and Equifax then merely parroted the information back to third parties through its credit reporting database.

13. As a result of the derogatory information reported by Cingular, plaintiff abstained from applying for credit, had adverse action taken on existing credit accounts, was charged higher rates on loans when he would have otherwise qualified for lower interest rates, and was denied credit.

14. As a result of the derogatory information reported by Cingular, plaintiff has sustained actual damages including emotional distress and pecuniary loss.

## CLAIMS AGAINST CINGULAR

15. Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above as if fully set forth herein.

16. Cingular has:

a) willfully and/or negligently violated the provisions of the FCRA by willfully and/or negligently failing to comport with FCRA §1681s-2(b);

b) defamed plaintiff by publishing to third parties information regarding his creditworthiness;

c) invaded the privacy of plaintiff; and

d) failed in its duty to prevent foreseeable injury to plaintiff.

**WHEREFORE**, plaintiff respectfully prays that the Court grant the following relief as against Defendants:

a) That this case be tried by a jury;

4

b) That plaintiff be awarded actual damages pursuant to §1681n and §1681o;

c) That plaintiff be awarded punitive damages pursuant to §1692n(a)(2);

d) That plaintiff be awarded actual damages, compensatory damages, punitive damages, for invading plaintiff's privacy;

e) That plaintiff be awarded actual damages, compensatory damages, punitive damages for defaming plaintiff;

f) Award plaintiff his attorney's fees and all costs of this action pursuant to §§1681n(a)(3) and o(a)(2); and

g) For such other and further relief as the court deems just and proper under the circumstances.

Respectfully submitted,

KAIDEN & KAIDEN, LLC

1850 Lake Park Drive, Suite 204
Smyrna, GA 30080
(770) 801-9950

Robert Kaiden
Attorney for Plaintiff
Georgia Bar No.: 406030

| DDA: ■■■ | Check Image Archive | Apr 8 2003 |
|---|---|---|
| Page 1 of 1 | Image View | 02:54:34 PM |

```
                                                              1584
D J CLIFFORD
1053 ABINGDON LANE
ALPHARETTA, GA 30022                              64-1/610
                                                  BRANCH 732
                                    3-7   19 £9

Pay To The
Order Of ___BCLL  SD  MOBILITY_____  $ *214 6?

         TWO  HUNDRED  FOURTEEN : 6?/100           Dollars

WACHOVIA
Wachovia Bank, N.A.
Atlanta, GA 30303

Memo ■■■ -001-05                     [signature] D CLIFF

⑆061000010⑆   ■■■■■■■■  ⑈  ■■■■  ⑆000000 21467⑆
```

```
418        ATLANTA  NH
P061000624
0300394953


82
063 99 1803
■■■■6■■■0044
■■■■■■■■820
ATL. GA.      PKT-NO
060009568
```

```
                         65355712 CREDIT ACCT OF
                                  PAYEE: ABSENCE
                                  OF ENDORSEMENT
                                  GUARANTEED MFSC
```

| View Selection | Posting Date | Amount | Serial No. | Sequence No. | Source | Type | Status | Description |
|---|---|---|---|---|---|---|---|---|
| 1 | 12 | | | | Core | Dpck | Post | Check |

PLAINTIFF'S EXHIBIT "1"

# United States District Court

NORTHERN **DISTRICT OF** GEORGIA, ATLANTA DIVISION

DONALD J. CLIFFORS,
    Plaintiff,

**SUMMONS IN A CIVIL ACTION**

V.

CASE NUMBER:

CINGULAR WIRELESS, LLC, f/k/a
BELL SOUTH MOBILITY,
    Defendant.

**1 03 CV 1286**

**TO:** (Name and Address of Defendant) NEAL BERINHOUT, Registered Agent for Service of Process for CINGULAR WIRELESS, LLC, f/k/a BELL SOUTH MOBILITY, 5565 Glenridge Connector, Atlanta, GA 30342

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address) Robert Kaiden, Esq., Kaiden & Kaiden, LLC, 1850 Lake Park Drive, Suite 204, Smyrna, GA 30080

an answer to the complaint which is herewith served upon you, within <u>TWENTY (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

LUTHER D. THOMAS

**CLERK**

BY DEPUTY CLERK

MAY 13 2003

**DATE**